IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIKEO KETTAVONG and VONG KETTAVONG, husband and wife,<br>　　　　Plaintiffs,<br><br>　　vs.<br><br>GASBARRE PRODUCTS, INC.,<br>　　　　Defendant. | )<br>)<br>)<br>)<br>) Civil Action No. 07-00810<br>) The Honorable Nora Barry Fischer<br>)<br>) |

**MEMORANDUM ORDER**

This matter is before the Court on a Motion to Transfer Venue Pursuant to 28 U.S.C.S. 1404(a) [DE 4], filed by the Defendant on August 14, 2007. On September 6, 2007, the Plaintiffs filed their Answer of Plaintiffs to Defendant's Motion to Transfer Venue Pursuant to 28 U.S.C. 1401(a). For the following reasons, Defendant's motion is denied and the case shall remain within the Western District of Pennsylvania.

This cause of action arises out of a work accident that occurred in North Carolina on or about June 14, 2005, at Plaintiff's place of employment, Engineered Sintered Components. As a result of this accident, the Plaintiff suffered the amputation of three fingers of his left hand when a "60 ton punch press" closed on his hand. Docket No. 1, at 2. Accordingly, the Plaintiffs filed this products liability action alleging that the press in question was defectively designed and manufactured and that this defect caused Plaintiff Kikeo Kettavong's injury. Plaintiff's Complaint pleads three claims: (1) strict liability and negligence; (2) punitive damages; and (3) loss of consortium as to Plaintiff Vong Kettavong.

## ARGUMENTS

In its Motion, the Defendant requests that this Court transfer the instant action to the United States District Court for the District of North Carolina.[1] In support and citing the relevant factors under 1404(a), the Defendant argues that the following facts favor transfer: (1) as to the convenience of the parties, the Plaintiff resides in North Carolina and, while the Defendant has its place of business in Pennsylvania, travel to North Carolina is inevitable because the equipment in question and witnesses are located there; (2) as to the convenience of the witnesses, the "co-employee alleged witnesses of this incident who most likely live in North Carolina and would have a greater hardship to travel to the Western District of Pennsylvania for deposition", Docket No. 5, at 3; and (3) as to the interests of justice, which encompasses numerous factors, liability witnesses may not be subject to process in this Court and inquiry surrounding Plaintiff's employer and its practices regarding modification of the machine in question can be "most effectively done from North Carolina and poses logistical problems to do so from Pennsylvania", Docket No. 5, at 4. Finally, the Defendant asserts that "[t]he machine is itself is believed to still be used and is situated in North Carolina." Docket No. 5, at 4.

In response, the Plaintiffs argue that this Court is "an appropriate location" for this action because Plaintiffs' witnesses are closer to Pittsburgh than North Carolina; Defendant's principle place of business is located within this District; the allegedly defective press was designed, manufactured, assembled, and placed into the stream of

---

[1] While not fatal to its motion, Defendant Gasbarre fails to specify to which district within North Carolina it seeks transfer, i.e., the Western District of North Carolina or the Eastern District of North Carolina. Therefore, the Court will refer generally to the "District of North Carolina" hereinafter.

commerce in this District, and thus witnesses such as designers and engineers are located within this District; and relevan t documents such as plans and design drawings are located within this District. Further, the Plaintiffs assert that the Defendant has failed to "identify any individual witnesses or documents that are not readily available to the parties with the forum being in Pittsburgh as opposed to North Carolina." Docket No. 7, at 6. In sum, the Plaintiffs contend that "a transfer from Pennsylvania to North Carolina would simply swap one set of inconveniences for another." Docket No. 7, at 7.

## STANDARD

Section 1404(a) provides, in full: "For the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. 1404(a). "The decision to grant a motion for transfer of venue lies within the broad discretion of the district court, but is not to be liberally granted." *Shutte v. ARMCO Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970).[2]

"A plaintiff's choice of forum is the paramount consideration in deciding whether transfer of venue is warranted." *Brown v. Kia Motors Corp.*, Civil Action No. 2:06-cv-804, 2007 WL 539652, at *1 (W.D. Pa. Feb. 15, 2007). In considering a motion to transfer under 1404(a), courts have not limited their consideration to the three factors

---

2

The Court notes that while the Third Circuit has required a transferring court to state more than "a scrawled 'so ordered' " in making its decision under section 1404(a), *White v. ABCO Engineering Corp.*, 199 F.3d 140, 144 (3d Cir. 1999), "written findings of fact and law need not always accompany a transfer order", *id.* (citing *Plum Tree, Inc. v. Stockment*, 488 F.2d 754 (3d Cir.1973)).

enumerated in the statute, but instead have also considered a non-definitive list of public and private interests "protected by the language of 1404(a)." *Jumara, v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995).[3] The private interests include: plaintiff's forum preference as manifested in the original choice; defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses-but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum). *Id.*, at 879 (internal citations omitted). The public interests include: the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases. *Id.*, at 879-80 (internal citations omitted).[4] As the movant, Defendant Gasbarre bears the burden of proving that venue is proper in the transferee district and that convenience and justice would be served by transferring the

---

[3] While the Court in *Jumara* cited various treatises for the public and private interests, it appears that these factors were originally laid out, at least in some form, in *Gulf Oil v. Gilbert*, 330 U.S. 501 (1946) and *Rowles v. Hammermill Paper Co. Inc.*, 689 F.Supp. 494, 495 (E.D. Pa. 1988).

[4] In its response brief, the Defendant contends that the Plaintiffs misstate the applicable standard for a motion to transfer venue under 1404(a), *see* Docket No. 7, at ¶7, noting that while the Plaintiffs rely on the three factors enumerated in the statute, the Third Circuit has instructed courts to consider certain public and private interests as well. In fact, both parties are correct. *See J.L. Souser & Associates, Inc. v. J&J Snackfood Corp.*, No. 06-CV-2043, 2007 WL 1217690, at *3 (M.D. Pa. Apr. 24, 2007) (quoting *Jumara*, 55 F.3d at 879) ("When ruling on a motion for transfer, courts are to consider not only the three factors outlined in § 1404(a)'s text, but rather 'all relevant factors to determine whether on balance litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum' ", referring to the public and private interests).

action to this other district. *Jumara*, 55 F.3d at 879. Finally, "[u]nless the balance of factors is strongly in favor of the defendant, the plainiff's choice of forum should prevail." *Shutte*, 431 F.2d at 25 (citations omitted); *see also McDonald v. Beloit Corp.*, Civ. A. No. 92-349, 1992 WL 164714, *1 (E.D. Pa. July 2, 1992) (same).

## ANALYSIS

As an initial matter, before delving into the merits of Defendant's motion, the Court must first determine whether the instant matter could have been brought in the proposed transferee court, i.e., the "District of North Carolina." *Simmens v. Coca Cola Co.*, Civil Action No. 07-668, 2007 WL 2007997, at *1-2 (E.D. Pa. July 5, 2007). "A district is one in which an action 'might have been brought' if that district has (1) subject matter jurisdiction over the claims; (2) personal jurisdiction over the parties; and (3) is a proper venue." *Yang v. Odom*, 409 F.Supp.2d 599, 604 (D. N.J. 2006) (citing *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 24 (3d Cir.1970)); *see also Simmens*, 2007 WL 2007977, at *2 (citations omitted) (same). First, the "District of North Carolina" would have subject matter jurisdiction because the incident (or more accurately, accident) giving rise to this action occurred there. Second, the "District of North Carolina" would have personal jurisdiction over the parties because the Plaintiffs reside in that District, *see* Docket No. 1, at ¶2, and Defendant Gasbarre arguably conducts business in North Carolina, *see* Docket No. 4, at ¶6.[5] Third, the "District of North Carolina" would be a

---

[5] The Court notes that the Plaintiffs dispute this latter point, i.e., whether the "District of North Carolina" has personal jurisdiction over the Defendant. *See* Docket No. 7, at ¶¶5-6 (denying that the District of North Carolina has personal jurisdiction over the Defendant because the Defendant has failed to establish a record in support thereof). Because this Court ultimately concludes that the Defendant has not met its burden to establish that the "District of North Carolina" is a more convenient forum than this District, in the interests of judicial economy, the Court declines to dwell on the issue of personal jurisdiction over the Defendant or

proper venue because "a substantial part of the events or omissions giving rise to the claim occurred" there and "a substantial part of property that is the subject of the action is situated" there. 28 U.S.C. § 1391.[6] Therefore, this action could have been brought in the "District of North Carolina" and thus the Court now turns to the relevant factors governing transfer under section 1404(a).

First, as to the convenience of the parties, Defendant's argument that the "District of North Carolina" is more convenient for the Plaintiffs because they reside there overlooks the fact that Plaintiffs chose this forum and any inconvenience attendant to same. The Court finds that Plaintiffs' choice of forum trumps Defendant's concern for Plaintiffs' convenience and, moreover, this District is clearly more convenient for the Defendant in that it is located within this District. Thus, this factor weighs against transfer. Second, as to the convenience of the witnesses, Defendant's argument that its witnesses would have to travel from North Carolina is without merit for three reasons:

---

order discovery as to same. Accordingly, for the limited purposes of ruling on the instant motion only, the Court presumes that the "District of North Carolina" would have been able to exercise personal jurisdiction over the Defendant. However, the Court notes that Defendant Gasbarre failed to support its contention that it transacts business in North Carolina, which serves as the basis for personal jurisdiction, with any evidence.

[6]

The general federal venue statute is codified at, which reads, in relevant part:

> (a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which the defendants are subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). Moreover, for purposes of venue, "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c).

(1) the Defendant fails to support its contention with any evidence, *see Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 756 -757 (C.A. 1973) (noting that "[d]efendants, having the burden of proof, did not support their motion to transfer with any affidavits, depositions, stipulations, or other documents containing facts that would tend to establish the necessary elements for a transfer under 28 U.S.C. § 1404(a)")[7]; (2) the Defendants failed to establish, or even allege, that said witness(es) would be unavailable for trial, *see Jumara*, 55 F.3d at 879 (considering the convenience of the witnesses as one of the "private interests" "but only to the extent that the witnesses may actually be unavailable for trial in one of the fora"); and (3) being that this is a products liability action, in the Court's estimation, any relevant witnesses will include Defendant's employees, presumably located where Defendant is located, in this District.[8] Thus, the Court finds that the second factor also weighs against transfer. Third, as to the interests of justice, Defendant merely restates its previous arguments, noting that the equipment is located in North Carolina. While the Court recognizes that given the location of the equipment, the parties, their counsel, representatives, and potentially experts will (presumably) have to

---

[7]

In *Plum Tree*, as to appropriate evidence to accompany a motion to transfer under § 1404(a), the Court noted the following:

> Examples of such documents would be a list of the names and addresses of witnesses whom the moving party plans to call and affidavits showing the materiality of the matter to which these witnesses will testify, statements by the moving parties of the business difficulties or personal hardships that might result from their having to defend against the suit in the district court where it was originally brought, affidavits concerning the relative ease of access to sources of documentary evidence, and other materials where appropriate.

*Plum Tree*, 488 F.2d at 757. Here, Defendant filed no such documents.

[8]

The Court notes that the same is also true for any relevant documents.

7

travel to North Carolina in order to inspect it, the Court finds that the location of the relevant evidence alone is not enough to warrant transfer in this case. Thus, the interests of justice weigh against transfer.

As to the "private interests", the Court finds these factors also weigh against transfer. The Plaintiffs chose this forum, which, as noted above, garners "paramount consideration" even though the Defendant prefers another forum. Being that this is a products liability action, the claim "arose" here in the sense that the equipment was designed and manufactured within this District. *See Brown*, 2007 WL 539652, at *3 (noting that a product liability action "does not have a single 'situs' "). As to the location of relevant witnesses and documents, to the extent that these factors are relevant here, the majority of relevant witnesses and documents as to design and manufacture would most likely be located within this District. Finally, neither of the parties raise the physical and/or financial condition of the parties for consideration, and thus, the Court declines to speculate thereon.

As to the "public interests", to the extent that these factors apply here, the Court finds that they weigh against transfer. Neither party raises the enforcement of the judgment, administrative difficulty resulting from court congestion, the local interest in deciding controversies at home, the public policies of the fora, or the familiarity of the trial judge with the applicable state law in diversity cases; therefore, again, the Court declines to speculate. Finally, as to practical considerations making the trial easy, expeditious, or inexpensive, the Court finds that, considering the convenience of the relevant witnesses and documents, this factor also weighs against transfer.

## ORDER

Considering the "paramount consideration" accorded to a plaintiffs' choice of forum,[9] and having weighed the factors as well as the public and private interests relevant to transfer of venue pursuant to section 1404(a), the Court finds that the Defendant has failed to meet its burden and demonstrate that the "District of North Carolina" is a more convenient forum than this District. Accordingly, based on the foregoing, Defendant's Motion to Transfer Venue Pursuant to 28 U.S.C.S. 1404(a) [DE 4] is **DENIED**.

/s/ Nora Barry Fischer
Nora Barry Fischer
United States District Judge

Dated: September 17, 2007

cc:   All counsel of record

---

[9] The Defendant argues that "the weight accorded to Plaintiff[s'] [sic] choice of venue is significantly diminished under a non-convenience analysis when the facts have no connection to the District chosen." Docket No. 5, at 3. However, in the instant products liability action, the facts have a connection to this District in that the product in question was designed, manufactured, assembled, and placed into the stream of commerce in this District. All of said facts are of paramount importance in a products liability case where the allegations center on alleged defective design and manufacturing. *See* Docket No. 1, ¶¶12-13.